NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1318

S.B.

vs.

B.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff obtained an ex parte abuse prevention order under G. L. c. 209A (209A order) and, after a two-party hearing on August 4, 2023, it was extended for one year. Approximately one year later, at an August 2, 2024 hearing on the plaintiff's motion to extend the 209A order further, the judge found a continuing need for the order and extended it for another year. The defendant appeals from the 2024 extension order, arguing that there is insufficient evidence to support it. We affirm.

Discussion. We review the extension of an order under G. L. c. 209A for abuse of discretion or other error of law. See Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 318 (2020). The propriety of the issuance of the original 209A order may not

be relitigated in an extension hearing such as this.  See Yasmin

Y. v. Queshon Q., 101 Mass. App. Ct. 252, 258 (2022).

At the time this order was issued, there were three

different forms of abuse identified by the statute.  "Abuse" was

defined by the statute to mean "the occurrence of one or more of

the following acts between family or household members:

(a) attempting to cause or causing physical harm; (b) placing

another in fear of imminent serious physical harm; [or]

(c) causing another to engage involuntarily in sexual relations

by force, threat or duress."  G. L. c. 209A, § 1, as amended by

St. 1996, c. 450, § 232.  The standard for what must be shown by

a preponderance of the evidence at the extension hearing varies

depending on what type of abuse the plaintiff was found by the

judge at the original two-party hearing to have suffered.  Here,

the judge at the 2023 two-party hearing found that the plaintiff

had been "physically abused."[1]  The question at the 2024

extension hearing therefore was whether the plaintiff could show

by a preponderance of the evidence that there was a continued

---

[1] This finding by the judge is reflected in the transcript of the original two-party hearing set forth in the supplemental record appendix submitted for filing by the plaintiff.  Given the uncontested affidavit supporting the plaintiff's motion for leave to file supplemental appendix, in which the plaintiff's counsel averred that the defendant did not follow the procedure under Mass. R. A. P. 18 (b) (1), as appearing in 481 Mass. 1637 (2019), for designating the portions of the record to include in the appendix, and that this transcript could properly have been included in the appendix, the plaintiff's motion for leave to file supplemental appendix is allowed.

2

need for the order because she still suffered the effects of the physical abuse.  See Vera V., 98 Mass. App. Ct. at 317.  We think the evidence was sufficient to support the judge's finding that the plaintiff did still suffer these effects such that an extension of the order was warranted.  We need not, therefore, address the question of fear of imminent serious physical harm.

In assessing the propriety of the order, we examine only record evidence.  In this case, the judge asked for what she described as a "proffer" from counsel for each party.  As we have repeatedly cautioned, assertions by counsel are not record evidence.  See Commonwealth v. Pereira, 93 Mass. App. Ct. 146, 151 (2018).  Judges -- and counsel -- at extension hearings should take care to ensure that the actual record created is adequate both to support their decision and to permit appellate review.

The plaintiff's original affidavit stated that the defendant previously "tried to strangle me and my daughter many times and threatened us continuously.  He is violent [and] unstable.  Me [and] my daughter fear for our lives."  At the original two-party hearing in 2023, the plaintiff testified that she had in fact been strangled by the defendant.  Here, she testified that between 2015 and the date of the hearing, the defendant put his hands on her on multiple occasions, the last times being in 2019 and 2020.  The plaintiff testified that she

3

was subsequently threatened by the defendant, although it was not clear whether the defendant made threats of physical harm at that time.

The judge found that this evidence justified the plaintiff's continued fear of physical harm, which suffices to support her conclusion that the plaintiff continued to need the 209A order to protect her from the effects of the abuse -- that is, the physical harm, she had suffered. There was thus no error in issuance of the extension order.

The defendant argues that there was no violation of the 209A order during the year prior to the August 2, 2024 hearing, but of course compliance with a court order does not demonstrate conclusively that the plaintiff had no continuing need for the order. See Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024) ("No new incident of abuse is required for extending the order" [citation omitted]). The defendant also argues that the testimony was not credible because the order was modified by mutual agreement to allow the defendant to have overnight visits every other weekend with the parties' minor child, which visits had gone well for approximately ten months. But similarly, that does not demonstrate that the plaintiff did not need the 209A order, nor does it suffice to demonstrate that the judge's finding that the plaintiff was credible was clearly erroneous.

4

Because we conclude there was no abuse of discretion or other error of law, the extension order is affirmed.

Order dated August 2, 2024, extending abuse prevention order, affirmed.

By the Court (Rubin, Shin & Singh, JJ.[2]),

*Paul Little*

Clerk

Entered:  July 13, 2026.

---

[2] The panelists are listed in order of seniority.